IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA,        *
STATE OF CALIFORNIA ex rel.      *
DIXIE SWITZER, as Executor to    *
the Estate of Ted Switzer, and   *
DIXIE SWITZER,                   *
                                 *
     Plaintiffs,                 *
                                 *
     v.                          *     CV 123-158
                                 *
ROBERT C. WOOD, II; ACCESS       *
MEDICAL, LLC; THOMAS             *
PARFENCHUCK, M.D.; GREGORY       *
OETTING, M.D.; AUGUSTA SPINAL    *
ASSOCIATES, LLC; and             *
UNIVERSITY HEALTH SERVICES,      *
INC.,                            *
                                 *
     Defendants.                 *
```

**O R D E R**

Before the Court is Plaintiffs Dixie Switzer and Estate of Ted Switzer (collectively, the "Relators") notice of dismissal of Defendant University Health Services, Inc. with prejudice as to the Relators and without prejudice as to the United States of America. (Doc. 183.)  For the following reasons, the Relators' notice is **STRICKEN**.

The Relators initiated this this *qui tam* suit in the United States District Court for the Central District of California on behalf of the United States of America and the State of California, alleging healthcare fraud schemes in violation of the False Claims

Act ("FCA"), 31 U.S.C. §§ 3729-3733. (Doc. 1, at 1, 6-13.) The Relators brought suit under the FCA against Defendants (1) Robert C. Wood II; (2) Access Medical, LLC (collectively with Wood, the "Non-Physician Defendants"); (3) Sean Early and Michael Maguire (the "California Physicians"); (4) the Timberline Group, LLC (collectively with the California Physicians, the "California Defendants"); (5) Thomas Parfenchuck and Gregory Oetting (the "Georgia Physicians"); (6) Augusta Spinal Associates, LLC and University Health Services, Inc. (collectively with the Georgia Physicians, the "Georgia Defendants"); (7) Archie Perry and Thomas Dunn (the "Nevada Physicians"); and (8) APSW, LLC, TDSW, LLC, and, Kainalu, LLC (collectively with the Nevada Physicians, the "Nevada Defendants"). (Id. at 1, 5-6.) On May 16, 2023, the Central District of California granted the Georgia and Nevada Defendants' motion to sever the claims against them and transfer them to the Southern District of Georgia and the District of Nevada, respectively. (Doc. 105, at 3.) On October 17, 2023, the Georgia Defendants' claims were transferred to this Court. (Doc. 149.) On December 19, 2023, the Relators filed another amended complaint seeking relief under the FCA. (Doc. 173, at 4.)

The Georgia Defendants filed motions to dismiss. (Docs. 175, 176.) On May 24, 2024, the Relators filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) seeking to dismiss Defendant University Health Services, Inc. with

2

prejudice. (Doc. 183.) The Relators represent the United States of America consents to this voluntary dismissal, but the United States of America has neither joined nor signed this notice nor filed a separate notice of consent to dismissal. (Id. at 1.)

Generally, Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." However, this action was brought under the FCA, and is therefore controlled by its more specific provisions regarding dismissals. (See Docs. 1, 173); Tug Allie-B, Inc. v. United States, 273 F.3d 936, 948 (11th Cir. 2001) ("[I]f two statutes conflict, the more recent or more specific statute controls.") Before dismissal of an FCA action, the written consent of the Attorney General, with a reason stated, must be obtained, and also the consent of the court, with a reason stated. 31 U.S.C. § 3730(b). Pursuant to § 3730, the Court finds Relators' notice of dismissal is ineffective for multiple reasons.

First, the notice of dismissal is signed only by the Relators, which does not constitute "written consent" from the Attorney General as required by law. (Doc. 183, at 2.) Second, even if the notice included a signature from the United States Attorney, the *qui tam* statute does not call for the consent of the "United States," but for the consent of the "Attorney General," who is an official of the United States with specific responsibility. 31

3

U.S.C. § 3730(b). Third, there is no reason stated for the dismissal as to University Health Services, Inc. in the notice. (See Doc. 183.) For these reasons, the Relators' notice is ineffective and is hereby **STRICKEN**. This Order does not prevent the Parties from filing a renewed motion for voluntary dismissal correcting the errors addressed herein.

**ORDER ENTERED** at Augusta, Georgia, this ___10th___ day of June, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA